Argued and submitted March 28, affirmed August 3, reconsideration denied September 16, petition for review denied October 25, 1983 (295 Or 840)

ANDERSON et al,
*Appellants,*

*v.*

TUMALO IRRIGATION DISTRICT,
*Third Party Plaintiff - Respondent,*
STATE OF OREGON, by and through the
WATER RESOURCES DEPARTMENT,
*Third Party Defendant - Respondent.*

(27-172; CA A24313)

667 P2d 13

Frank M. Parisi, Portland, argued the cause for appellants. With him on the briefs were W. F. Schroeder, Schroeder & Hutchens, Stephanie Freedman, Elliott & Freedman, John W. Gould, and Spears, Lubersky, Campbell, Bledsoe, Anderson & Young, Portland.

Robert E. O'Rourke, Pendleton, argued the cause for third party plaintiff - respondent. With him on the brief was Kottkamp & O'Rourke, Pendleton.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for third party defendant - respondent. With

her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Young, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The plaintiffs in this contract action are owners of separate agricultural lands in the territory of defendant Tumalo Irrigation District (district). They allege that the district has refused to perform its agreements to allocate water to plaintiffs' lands "in the same proportion as it allocate[s] water to other lands" in the district's system. Plaintiffs appeal from the trial court's judgment denying them the injunctive relief they sought. We review *de novo* and affirm.[1]

Plaintiffs contend that they or their predecessors contracted to acquire water from the district in the 1960's and that, although the contract documents are ambiguous, extrinsic circumstances show that the parties agreed that plaintiffs' properties would enjoy water on the same basis as that of earlier interests. The district argues, first, that the rights plaintiffs acquired under the contracts were subject to the earlier interests and, second,

> "* * * that the basic Water Code of Oregon is the doctrine of prior appropriation. This appropriation doctrine provides that prior in time is prior in right. During the period when the contracts were entered into there was no law which either authorized or directed the District to ignore Oregon's law of prior appropriation. The same is true today."

*See, e.g.,* ORS 537.120, 537.250, 537.270; *Alexander v. Central Ore. Irrig. Dist.,* 19 Or App 452, 457, 528 P2d 582 (1974).

We agree with the district's first argument. The evidence does not persuade us that the contracts conferred the claimed right to equal distribution on plaintiffs or their predecessors. We find that the contracts were intended to make plaintiffs' distribution subordinate to the earlier interests. We therefore do not reach the district's second argument.

Plaintiffs also argue, in essence, that certain statutes they contend are applicable, *e.g.,* ORS 555.010 *et seq* and

---

[1] However, we emphasize that we do not endorse the reasoning of the trial court in all respects. We note in particular that the court's conclusion that the district abandoned some of its water rights decided a question not raised by the parties and one which has no bearing on the contract issue which we consider to be decisive. *See also* ORS 540.621 *et seq.,* pertaining to the procedures for cancellation of water rights.

555.310 *et seq.,* are exceptions to the general statutory principle of priority and mandate equal apportionment of the district's water.[2] Plaintiffs make their statutory argument, at least in part, to rebut the district's contention that the contracts would violate the priority requirement of other statutes if they provided for equal distribution. Insofar as that is the point of plaintiffs' argument, it is disposed of by our conclusion that the contracts do not give plaintiffs a right to distribution equal to that of earlier interests.

It is unclear whether plaintiffs also contend by their statutory argument that we should hold that they have a right to equal distribution under the statutes on which they rely, whether or not their contracts with the district so provide. Plaintiffs pleaded only a contract right, and we therefore do not consider whether there is an independent statutory basis for the right they claim.

Affirmed.

---

[2] The district disagrees with plaintiffs' legal argument. We do not reach its merits.